UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| CHARLEEN CORRADO, et al., )<br>)<br>Plaintiffs, )<br>vs. )<br>)<br>LIFE INVESTORS INSURANCE )<br>COMPANY OF AMERICA, et al., )<br>)<br>Defendants. )<br>) | No. 14 cv 92 EJM<br><br>ORDER |

Before the court are (1) plaintiffs' resisted motion for summary judgment, and (2) defendants' resisted motion for summary judgment, both filed June 10, 2016. Plaintiffs' motion denied. Defendants' motion granted.

Plaintiffs bring this case for breach of contract and breach of fiduciary duty against a trust of which they are beneficiaries, alleging the trustees wrongfully reimbursed themselves for legal defense fees in a suit that plaintiffs brought against the trust and lost. Jurisdiction based on 28 U.S.C. §1332.

Movant for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." PSK, LLC v. Hicklin, 757 F.Supp.2d 836 (N.D.Iowa 2010), citing Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005.) Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there are no genuine

1

issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(c). A court considering a motion for summary judgment must view all the facts in the light most favorable to the non-moving party, and give the non-moving party the benefit of all reasonable inferences that can be drawn from the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986.)

The court, after reviewing the pleadings, motions, statements of undisputed facts, the Life Investors Ownership Participation Trust, as amended (Trust), and the prior litigation, finds that there is no genuine dispute but that the following material facts exist:

Plaintiffs (or their predecessors) sued the Trust and the Trustees in federal court in Maryland in 2008 alleging breach of fiduciary duty. 201 WL 886635. They lost, and did not appeal.

Section 11.9 of the Trust provides:

> If any Participant or beneficiary brings legal action against the Trustees, or any of them, the result of which shall be adverse to the party bringing the suit, or if any dispute shall arise with respect to the person or persons to whom delivery or payment of any property shall be made by the Trustees, the cost to the Trustees of defending the suit shall be charged, to the extent possible, directly to the account of the Participant whose interest is in issues, and only the excess, if any, shall be included in the expenses of the Trust.

The Trustees were thus owed reimbursement of their costs, and did not breach their fiduciary duty or the contract by reimbursing themselves from plaintiffs' account.

2

Plaintiffs argue that section 14.3 precludes the Trustees from invoking section 11.9, or otherwise reimbursing themselves. Section 14.3 of the Trust states:

> Except as provided in Article VII, no provision of the Plan or Trust shall either directly or indirectly operate to give the Participating Companies [i.e., the Insurance Company] any interest whatsoever in any funds or property held by the Trustees under the terms of this Trust, or to deprive any Participant or beneficiary of his vested interest in the Trust as it is then constituted, nor shall any such provision cause any part of the income or corpus of the Trust to be used for, or diverted to, purposes other than for the exclusive benefit of the Participants or their beneficiaries.

Reimbursing the Trustees for costs as explicitly allowed (in fact required) by section 11.9 is not a violation of the Trust, is not a violation of section 14.3 in particular, and does not constitute giving the Company an "interest" in the funds or property of the Trust. "Courts seek the intention of the settlor. In so doing they construe the language of the trust as a whole." In re Work Family Trust, 151 N.W.2d 490 (Iowa 1967). It is merely reimbursing the Trustees' costs, costs of defending a suit which plaintiff brought and lost and which the Trustees were forced by plaintiff to defend.

This is not the Company obtaining an interest under section 14.3. The reimbursement only made the Trustees whole from plaintiff's action, not better off. The Trustees and the Company wound up no better than they started; the net Trust Assets, as that term is used in Article V of the Trust, did not increase. Matter of Estate of Bolton, 444 N.W.2d 482 (Iowa 1989); Hein v. American Family Mutual Ins. Co., 166 N.W.2d 363, 367 (Iowa 1969).

3

The cost of the defense to the Trustees was in excess of $431,925.44, but the Trustees seek only that amount as reimbursement of costs. Plaintiffs do not challenge the amount of the legal fees in their First Amended Complaint or anywhere in their extensive motion papers. The costs are reasonable.

It is therefore

ORDERED

Plaintiffs' motion denied. Defendants' motion granted. Judgment for defendants.

August 11, 2016

                                             _____
                                             Edward J. McManus, Judge
                                             UNITED STATES DISTRICT COURT